UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the Sheet Metal Workers'
Local Union No. 80 Pension Trust Fund,
et al.,

       Plaintiffs,                            Case No. 11-12614

v.                                     Honorable Sean F. Cox

MJ Mechanical Services, Inc.,

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND AMENDED DEFAULT JUDGMENT (Doc. #82) and GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ENTRY OF AMENDED JUDGMENT (Doc. #78)

      This is an ERISA[1] case. Plaintiffs are, among others, Trustees of the Sheet Metal Workers'

Local Union No. 80 Pension Trust Fund ("Plaintiffs"). Plaintiffs filed this suit against Defendant

MJ Mechanical Services, Inc. ("Defendant"), alleging that Defendant owed Plaintiffs delinquent

fringe benefit contributions, liquidated damages, costs and attorney's fees pursuant to a collective

bargaining agreement and the relevant provisions of ERISA.

      This Court entered an amended default judgment against Defendant on September 6, 2012,

as Defendant failed to appear or defend in the action. (Doc. #21; *see also* Clerk's Entry of Default

on October 26, 2011, Doc. #9). The amended judgment awarded Plaintiffs a preliminary sum of

$32,710.21, as well as all sums owed as determined by an audit that Plaintiffs were to perform once

they gained access to Defendant's books and records. (Doc. #21 ¶¶ 3-4).

      This matter is before the Court on Plaintiffs' Motion for Entry of Amended Judgment (Doc.

---

[1] Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*

#78) and Defendant's Motion to Set Aside Default and Amended Default Judgment (Doc. #82). The motions have been fully briefed by the parties, except that Defendant did not file a reply in support of its motion. The Court heard oral argument on the motions on October 2, 2014. For the reasons set forth below, the Court shall DENY Defendant's motion, GRANT IN PART AND DENY IN PART Plaintiffs' motion, and ORDER Plaintiffs to file a proposed amended judgment that is consistent with this Opinion.

## BACKGROUND

Plaintiffs are Trustees of the Sheet Metal Workers' Local Union No. 80 Pension Trust Fund; Sheet Metal Workers' Local Union No. 80 Annuity Fund; Sheet Metal Workers' Local Union No. 80 Insurance Trust Fund; Sheet Metal Workers' Local Union No. 80 Supplemental Unemployment Benefit Fund; International Training Institute; National Energy Management Institute Committee; Sheet Metal Workers' International Association Scholarship Fund; Sheet Metal Occupational Health Institute Trust Fund; and National Stabilization Agreement of Sheet Metal Industry Trust Fund. (Compl., Doc. #1). Plaintiffs brought this suit against Defendant on June 16, 2011, alleging that Defendant MJ Mechanical Services, Inc. failed to make required fringe benefit contributions for covered work performed by Defendant's Local 80 union employees, and others, pursuant to ERISA, 29 U.S.C. sections 1132 and 1145. (Doc. #1).

Defendant's President and registered agent, Matthew Berent ("Berent") was personally served with the Summons and Complaint in this matter on July 15, 2011. (Cert. Of Service, Doc. #4; Aff. of Hope Calati, Doc. #8 ¶ 2). Despite being notified of its duty to serve an answer or a motion on Plaintiffs within 21 days of service, (*see* Summons, Doc. #4), Defendant failed to timely appear, defend, or initiate any filings in this action. On October 26, 2011, Plaintiffs filed a Request for

2

Clerk's Entry of Default (Doc. #7), which was entered on that same day. (Clerk's Entry of Default, Doc. #9).

After some delay, Plaintiffs filed a Motion for Default Judgment on June 22, 2012 (Doc. #13). At that point, Defendant still had not filed an Appearance, an Answer, or taken any other formal action in this matter. After a hearing on Plaintiffs' Motion for Default Judgment, which was held on September 6, 2012, this Court granted Plaintiffs' motion. (Doc. #21). The Amended Default Judgment[2] states, in pertinent part:

> 1. Defendant MJ MECHANICAL SERVICES, INC. is bound to pay contributions to Plaintiffs as alleged in Plaintiffs' Complaint.
>
> 2. Plaintiffs have and recover Judgment from defendant MJ MECHANICAL SERVICES, INC. in the amount of $32,710.21, and plaintiffs have execution therefor . . .
>
> 4. Defendant MJ MECHANICAL SERVICES, INC. shall, within 14 days of the date of this Judgment, submit to Plaintiffs for inspection and audit all of its books and records needed by Plaintiffs to determine the amount of defendant's indebtedness for the period of January 1, 2009 until the date of production of such books and records . . .
>
> 5. Plaintiffs are awarded all sums shown by that audit described in paragraph 4 to be due to Plaintiffs, plus the $32,710.21 amount set forth in paragraph 2, plus all costs, interest and attorneys' fees . . . Plaintiffs are hereby granted leave to file a Motion for Amended Judgment, which shall be accompanied by an affidavit of Plaintiffs' counsel setting out all amounts determined to be due pursuant to the provisions of this Judgment.

(Amd. Def. Judgment, Doc. #21).

Through garnishment proceedings, Plaintiffs were able to collect the $32,710.21 awarded by paragraph two of the Amended Default Judgment. (Docs. #27-76). It appears that Defendant

---

[2] It appears that this Court entered an Amended Default Judgment only for the purpose of correcting the date of entry on the original Default Judgment (Doc. #20).

complied with this Court's order to produce certain books and records to Plaintiffs for use in their audit.

Plaintiffs' auditor, Kem Whatley ("Whatley") completed his audit of Defendant's books and records on January 21, 2014. Whatley's audit revealed that, for the period of January 2009 through September 2011, Defendant owed a total of $105,793.02 in unpaid contributions, $10,579.30 in liquidated damages, and $7,853.25 in audit costs. (Aff. Of Kem Whatley, Doc. #79). Whatley sent a billing letter to Defendant setting forth these amounts due. (Aff. Of Hope Calati, Doc. #90). On February 7, 2014, nearly two and a half years after Plaintiffs commenced this action, counsel filed an appearance on Defendant's behalf. (Doc. #77).

On May 13, 2014, Plaintiffs filed a Motion for Entry of Amended Judgment (Doc. #78), seeking to recover $105,793.02 in unpaid contributions, along with damages, costs, and attorney's fees. On May 20, 2014, Defendant filed a Motion to Set Aside Default and Amended Default Judgment (Doc. #82). Defendant also sought leave to respond to Plaintiffs' motion (Doc. #81), which this Court granted. (Doc. #92). Plaintiffs' motion and Defendants' motion are presently before the Court for consideration; both have been fully briefed by the parties, except that Defendant did not file a reply in support of its motion.

## ANALYSIS

Defendant requests that this Court set aside the default and amended default judgment against it. Federal Rule of Civil Procedure 55(c) provides that "the court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55. Courts have explained that "[a] *default* can be set aside under rule 55(c) for 'good cause shown,' but a default that has become final as a *judgment* can be set aside only under the stricter rule 60(b)

4

standards for setting aside final, appealable orders." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011), *quoting Shephard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986).  In other words, Federal Rule of Civil Procedure 60(b) governs a motion to set aside a default judgment "once the court has determined damages and a judgment has been entered." *Id.*, *quoting O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003).

As a threshold matter, this Court shall consider Defendant's Motion to Set Aside Entry of Default and Amended Default Judgment under Rule 55(c).  This Court's Amended Default Judgment, entered September 6, 2012, (Doc. #21), states, pertinent part:

1.   Defendant MJ MECHANICAL SERVICES, INC. is bound to pay contributions to Plaintiffs as alleged in Plaintiffs' Complaint.

2.   Plaintiffs have and recover Judgment from defendant MJ MECHANICAL SERVICES, INC. in the amount of $32,710.21, and plaintiffs have execution therefor . . .

4.   Defendant MJ MECHANICAL SERVICES, INC. shall, within 14 days of the date of this Judgment, submit to Plaintiffs for inspection and audit all of its books and records needed by Plaintiffs to determine the amount of defendant's indebtedness for the period of January 1, 2009 until the date of production of such books and records . . .

5.   Plaintiffs are awarded all sums shown by that audit described in paragraph 4 to be due to Plaintiffs, plus the $32,710.21 amount set forth in paragraph 2, plus all costs, interest and attorneys' fees . . . Plaintiffs are hereby granted leave to file a Motion for Amended Judgment, which shall be accompanied by an affidavit of Plaintiffs' counsel setting out all amounts determined to be due pursuant to the provisions of this Judgment.

(Doc. #21).  This Court set forth two amounts of damages for which Defendant was liable: $32,710.21, and the amount shown to be owed by Plaintiffs' audit. The Court finds that, because the amount of damages was not entirely determined by the amended default judgment, it does not

constitute a final judgment subject to the strictures of Rule 60(b).[3]

**B)      Should This Court Grant Defendant's Motion to Set Aside the Default Judgment Under Rule 55(c)?**

Federal Rule of Civil Procedure 55(c) provides that "the court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Rule 55 equitable factors that the Court should consider are 1) whether Defendant engaged in any culpable conduct; 2) whether Plaintiffs will be prejudiced if the Court sets aside the default judgment, and 3) whether Defendant has a meritorious defense. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). For the reasons that follow, the Court finds that these factors do not support the setting aside of the default and/or the amended default judgment.

### i.      Culpable Conduct

First, the Court finds that Defendant has engaged in culpable conduct. Culpable conduct is found where a defendant displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault Systemes*, 663 F.3d at 841 (citations omitted).

Here, Defendant failed to appear or defend in this action *whatsoever* until February 7, 2014—nearly three years after Plaintiffs filed their complaint. (Appearance of L. David Lawson, dated 2/7/14, Doc. #77). By that time, Plaintiffs had already successfully executed a portion of the amended judgment against Defendant's assets and Plaintiff's audit was already complete. This behavior represents some indication that Defendant recklessly disregarded the consequences that

---

[3] The Court notes, however, that because Rule 55 and Rule 60 require the Court to consider the same equitable principles— with Rule 60(b) requiring the movant to establish one additional element of proof—a failure to establish a right to relief under Rule 55 forecloses the possibility of relief under Rule 60(b).

6

would befall it by failing to defend against this action.

Defendant asks this Court to excuse its failure to appear because Defendant "believed it would be personally served with other documents for a trial to establish liability" and "believed that the issues would be addressed outside the context of the litigation." (Def. Mo. at 19). The Court finds these arguments unpersuasive. Matthew Berent, Defendant's registered agent and president, was personally served with all documents in this matter, including the summons, which notified him that he must "within 21 days after service of this summons . . . serve on the plaintiff an answer . . . or a motion under rule 12 . . . ." (Summons for MJ Mechanical Services, Inc., Doc. #3). Defendant cannot now plead ignorance when the plain language of the service documents informed Defendant of its duties in this matter.

Furthermore, Plaintiffs were successful in obtaining nearly $33,000 in unpaid contributions pursuant to the amended default judgment through garnishment proceedings against Defendant's debtors, and Defendant still did not appear to contest the merits of this action. (*See generally* Docs. #27-76). Thus, the Court finds that Defendant's complete silence in this case constitutes reckless disregard for the consequences of its inaction, and that this factor weighs against granting it relief from the default judgment.

### ii.      Meritorious Defenses

Next, the Court must consider whether Defendant has a meritorious defense to the charges in the Complaint. A defense is "meritorious" if it is "good at law." *Dassault Systemes*, 663 F.3d at 843, *quoting Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003).

Defendant argues that it has "a number of meritorious defenses," one of them being that the individuals for whom contributions are now sought were not employees of Defendant. Defendant

argues that the construction contract only requires Defendant to make contributions for "employees of an employer," not employees of third-party subcontractors. Defendant also argues that he was induced to sign a Letter of Assent to the Local 80 collective bargaining agreement when his assent was not actually required. Finally, Defendant argues that the Letter of Assent applies to a collective bargaining that has expired and is not signed by Local Union 80, and that this another defense to liability.

Courts have limited the number and type of viable defenses that an employer has in an action by an ERISA fund to collect delinquent fringe benefit contributions. *Iron Workers' Local No. 25 Pension Fund v. Allied Fence & Sec. Sys., Inc.*, 922 F. Supp. 1250, 1255-56 (E.D. Mich. 1996) (citations omitted). Generally, these defenses are limited to "(1) illegality of the original contract; (2) arguments that the contract was void at its inception (*e.g.,* by fraud in the execution); and (3) decertification of the union." *Plumbers & Pipefitters Local Union No. 572 Health & Welfare Fund v. A & H Mech. Contractors, Inc.*, 100 Fed. App'x 396, 402 (6th Cir. 2004); see also *id.*

First, the Court may easily dispose of Defendant's "fraud in the inducement" defense because it is not one of the permitted defenses to this action. *Allied Fence*, 922 F. Supp. at 1256 (recognizing that fraud in the execution is a viable defense to a section 515 ERISA action, but fraud in the inducement is not.).

Next, the Court finds that Defendant's argument that the expiration of the collective bargaining agreement somehow shields him from liability for payments due thereunder fails as well, as "nothing in ERISA makes the obligation to contribute depend on the existence of a valid collective bargaining agreement." *Id.* at 1255 (citations omitted).

Finally, Defendant argues that the CBA only requires it to make payments on behalf of work

performed by its employees, and that Plaintiffs are now claiming unpaid contributions for non-employees. Plaintiffs respond that this argument goes to the issue of damages, and is thus not a proper defense to liability such that the default judgment should be set aside.

This Court agrees that Defendant's argument is more properly characterized as directed toward the amount of damages. In their Complaint, Plaintiffs alleged that Defendant breached the CBA by failing to make contributions for covered work performed by, and wages paid to, employees of Defendant. (Compl., Doc. #1 at ¶ 7). This Court's determination as to whether certain work was performed by an employee, or as Defendant argues, a non-employee subcontractor, only affects the amount of delinquent fringe benefit contributions that Defendant owes. That Defendant is liable for contributions for employees is a foregone conclusion. As damages are yet to be determined, the definition of "employee" can still be contested by Defendant even though a default has been entered against him. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) ("Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved.").

In other words, Defendant can be held liable for contributions for employees (which is the current state of affairs, given the entry of default against Defendant) and still contest damages, i.e. whether certain work constitutes "covered work" performed by an employee or a subcontractor. Indeed, Defendant asserts this exact argument in response to Plaintiffs' Motion for Entry of Amended Judgment. Based on the foregoing, the Court finds that Defendant has not lodged a meritorious defense to the issue of liability that warrants the nullification of the default or default judgment.

### iii.    Prejudice to the Plaintiffs

The Court must consider whether Plaintiffs will suffer prejudice if the Court sets aside the amended default judgment. "[D]elay alone is not a sufficient basis for establishing prejudice." *Dassault Systemes,* 663 F.3d at 842. Nor do increased litigation costs do not support a finding of prejudice. *Id.* Rather, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (citations omitted).

Plaintiffs argue that they will be prejudiced by the setting-aside of the amended default judgment because they will "have increased difficulties in discovery." (Pl. Resp., Doc. #87, at 16). As mentioned, increased discovery difficulties alone do not support a finding of prejudice. Nevertheless, a court can decline to set aside a default where the defaulting party has no meritorious defense, where the default is due to willfulness or bad faith, *or* where the defendant offers no excuse at all for the default. *Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 194-95 (6th Cir. 1986) (noting the Sixth Circuit's agreement with 6 Moore's Federal Practice ¶ 55.01[2] at 55–61, 62 (1985 ed.)) (emphasis added). Therefore, even if no prejudice to Plaintiffs exists, the Court shall refuse to set aside the default judgment because the Court concludes that Defendant has no meritorious defenses to liability and that Defendant has acted willfully in failing to defend this action.

Based on the foregoing, the Court shall DENY Defendant's Motion to Set Aside the Default and Amended Default Judgment because the Court finds that 1) Defendant's failure to appear and/or defend in this action for almost two years is willful, culpable and reckless conduct and 2) Defendant has failed to present a meritorious defense to liability. Therefore, Defendant has not shown good cause for this Court to grant its request for relief.

**C)     Should The Court Enter Plaintiffs' Proposed Amended Default Judgment?**

The Amended Default Judgment entered on September 6, 2012 (Doc. #21) awarded Plaintiffs "all sums shown by that audit described in paragraph 4 to be due to Plaintiffs, plus the $32,710.21 amount set forth in paragraph 2, plus all costs, interest and attorneys' fees . . ." (Doc. #21). This Court also granted Plaintiffs "leave to file a Motion for Amended Judgment, which shall be accompanied by an affidavit of Plaintiffs' counsel setting out all amounts determined to be due pursuant to the provisions of this Judgment." (Doc. #21).

Plaintiffs have moved the Court for entry of an Amended Default Judgment (Doc. #78), seeking an award to Plaintiffs consisting of:

1)     $105,793.02 in unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(A);

2)     $13,977.96 in interest on the unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(B);

3)     $13,977.96 in damages, pursuant to 29 U.S.C. § 1132(g)(2)(C); and

4)     $8,942.13 in attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D).

(Pl. Mo., Doc. #78, at 2).

On July 25, 2014, this Court granted Defendant's Motion for Leave to file a Response to Plaintiff's motion.[4]   (Doc. #92).   In its Order, the Court noted that it would "not consider Defendant's response to the extent that it addresses issues other than the calculation of damages." (Doc. #92 at 2).

Plaintiffs aver that Whatley, the payroll auditor, "reviewed records provided by defendant

---

[4] Defendant's motion for leave to respond was necessary.  Local Rule 59.1 provides that "[n]o response to a motion to alter or amend a judgment and no oral argument are permitted unless the court directs otherwise."

11

setting for [sic] the hours of fabrication work performed on behalf of defendant" and concluded that Defendant owes $105,793.02 in fringe benefit contributions for the period of January 2009 through September 2011. (Pl. Mo. at 4). Defendant lodges several objections to the payroll auditor's calculations, which the Court shall address in turn.

### i.    Unpaid Contributions Calculated For A Time Period Before Defendant Signed The Letter of Assent to Local Union 80

Defendant signed the Letter of Assent on June 14, 2010, thereby agreeing to comply with the collective Bargaining Agreement between Sheet Metal Workers' Local 80 and SMACNA-Detroit Chapter. (*See* Letter of Assent, Def. Resp., Doc. #93, at Ex. 4). Plaintiffs, in their Complaint, allege that Defendant owes unpaid contributions for a time period starting on January 1, 2009 through the present day. (Compl, Doc. #1, at ¶ 8).

Defendant argues that it is only responsible to make contributions from June 14, 2010, the date that it executed the Letter of Assent, so Plaintiffs' calculations are over-inclusive. Defendant argues that requiring it to make contributions for work performed before that date is a violation of the Labor Management Relations Act,[5] because "an employer's contributions to a multi-employer trust fund are unenforceable unless 'the detailed basis on which such payments are made is specified in a written agreement to the employer.'" (Def. Resp., Doc. #93, at 14, quoting *Nat'l Leadburners Health and Welfare fund v. O.G. Kelley & Co., Inc.*, 129 F.3d 372, 374 (6th Cir. 1997)).

Plaintiffs reply that the Court should not consider this argument because it goes to the issue of liability rather than damages. Plaintiffs rely on the amended default judgment, arguing that it "provided for an audit for the period beginning January 2009, [so the default judgment] resolved the

---

[5] 29 U.S.C. § 141 *et seq*.

issue of the time period to be covered by the audit." (Pl. Reply, Doc. #94, at 2).

This Court finds that Defendant's argument regarding the scope of the time period goes to the issue of liability rather than damages. Importantly, Defendant has already paid delinquent fringe benefit contributions for the period of January 2009 through the present pursuant to the Amended Default Judgment. (*See* Doc. #21, fn. 1, which states that the amount awarded in paragraph 2 of the Judgment includes delinquent contributions for installation field work performed in the work months of January 2009 through September 2011). It would be inconsistent for the Court to award fringe benefit contributions with respect to installation (field) work performed before June 2010, but to only award pay fringe benefit contributions with respect to fabrication (shop) work performed *after* June 2010. Thus, because the Court declines to set aside the default judgment, the Court finds that Defendant has admitted liability for fringe benefit contributions that accrued on or after January 1, 2009.

### ii.    "Double Payment" Of Contributions For Certain Union Members

Defendant argues that Plaintiffs are seeking to recover fringe benefit contributions for certain individuals who were subcontractors rather than employees of Defendant, and that fringe benefits have already been paid for them by their respective employer(s) pursuant to another CBA.

Specifically, Defendant states that it hired subcontractors in other geographic locations, and is bound by a CBA with Sheet Metal Workers Local 7, Zone 3, covering the other geographic area. (Aff. Of Matthew Berent, attached to Def. Resp, Doc. #93, at Ex. 2 ¶ 2). Jacob Denman, who is the Business Manager/Financial Secretary for Sheet Metal Workers Local Union 7, testified that all of the fabrication workers listed in Whatley's January 2014 audit are members of Local 7. (Aff. of

13

Denman, attached to Def. Resp. at Ex. 3, ¶ 2).  Denman further testified that fringe benefit

contributions were paid to Local 7 funds for each of those individuals by their respective employers.

(*Id.* at ¶ 3).  Defendant claims that it would be subject to impermissible double payments if required

to make fringe benefit contributions to Local 80 funds for these subcontractors' covered work.

Plaintiffs respond that double payment is required here because Defendant breached the

CBA.  (Pl. Reply at 4-5).  The Addendum to the CBA between SMACNA and Local 80 contained

a provision that states, in pertinent part:

> To protect and preserve for the Building Trades Employees covered by this
> Agreement all work they have performed and all work covered by this Agreement,
> and, to prevent any device or subterfuge to avoid the protection and preservation of
> work; it is agreed that all the work requiring fabrication shall be performed by
> Employees hereunder, either in the shop or on the job site within the geographical
> jurisdiction of the union . . . .

(Addendum to Construction Agreement, attached to Aff. Of Whatley, Doc. #79, at Ex. B p. 68).

Plaintiffs argue that Defendant admittedly breached this provision when it sent fabrication work for

a job within the Local 80 jurisdiction to a subcontractor who operated outside Local 80's jurisdiction.

(Pl. Reply, Doc. #94, at 4; Aff. of Berent, attached to Doc. #93 at Ex. 1 ¶ 6).  Therefore, Plaintiffs

maintain that Defendant must pay contributions that it otherwise would have paid had it not breached

the CBA.  *Mich. Glass & Glazing Pension Plan v. Cam Glass, Inc.*, 2008 WL 506350 at *13 (E.D.

Mich. 2008), *citing Trustees of Teamsters Construction Workers Local No. 13, Health and Welfare

Trust Fund for Colorado v. Hawg N Action, Inc.*, 651 F.2d 1384, 1386-1387 (10th Cir. 1981)

(holding that defendant would be required to make fringe benefit contributions for subcontractor

work where defendant breached CBA by subcontracting work out to companies not bound by the

CBA).

The Court finds Plaintiffs' argument persuasive.  Based on the text of the CBA and its addendum, it appears that Defendant admits to having breached the CBA.  Through its Letter of Assent to the Local 80 CBA, Defendant agreed that "all the work requiring fabrication shall be performed by Employees hereunder . . . within the geographical jurisdiction of this union . . . ." (CBA, attached to Doc. #79 at Ex. B., p. 68).  Defendant breached this provision by sending fabrication work to subcontractors outside of Local 80's geographical jurisdiction who were not bound by the Local 80 CBA.  (Aff. of Berent, attached to Doc. #93 at Ex. 1 ¶ 6).  Therefore, as in *Michigan Glass and Glazing*, this Court shall require Defendant to make contributions based on the subcontractor work as if "the agreement between the defendant and the union had been fully performed." *Mich. Glass*, 2008 WL 506350 at 12-13.

### iii.    Unpaid Contributions To Non-Party Funds

Defendant argues that Plaintiffs are seeking recovery of unpaid contributions to fringe benefit funds that are not parties to this action.  (Def. Resp., Doc. #94, at 1).  Plaintiffs maintain that they are authorized to collect amounts due to these non-party entities, but reply, "for the limited purpose of the Motion for Entry of Amended Judgment," that Plaintiffs will reduce the total amount claimed to exclude the amounts allegedly owed to the non-party funds.  (Pl. Reply, Doc. #94, at 3).  These specific amounts are set forth in the Affidavit of Kem Whatley, Doc. #79, at Exhibit B.[6]  Therefore, the Court shall DENY Plaintiffs' Motion for Entry of Amended Judgment to the extent that the proposed amended judgment contains amounts owed to non-party funds.

---

[6] The non-party funds are referred to in Whatley's affidavit (Doc. #79) as "Vacation"; "Ind. Promotion"; "Supp'l Vacation"; "Apprenticeship"; and "Ind. Appr. Reimbursement."  (Aff. of Whately, Doc. #79, at Ex. B).  The non-party fund contributions at issue amount to approximately $24,430.40.

15

iv.     **Plaintiffs' Calculation of Interest Due on Unpaid Contributions and Plaintiffs' Calculation of Liquidated Damages**

Defendant argues that Plaintiffs' calculation of interest due on the unpaid fringe benefit contributions is in error 1) because Plaintiffs have not shown how the interest is calculated and 2) because the interest due should be reduced to the extent that the amount of unpaid contributions is reduced. Defendant further argues that Plaintiffs' calculation of liquidated damages is in error because it must be reduced to the extent that the interest rate calculation and amount of unpaid contributions are reduced.

Plaintiffs agree that both liquidated damages and interest need to be recalculated should the Court award an amount of unpaid distributions other than what Plaintiffs have requested in their motion. Plaintiffs request leave to file a supplemental motion for damages setting forth the amounts due for interest and liquidated damages applicable to the final amount of unpaid contributions due. (Pl. Reply, Doc. #94, at 6).

The Court finds Defendant's first argument without merit. Plaintiffs' auditor has described the method by which interest was calculated, pursuant to ERISA. (Aff. of Kem Whatley, Doc. #79, at ¶ 12). However, the Court agrees that interest and liquidated damages must be recalculated because unpaid contributions for non-party funds will not be awarded. Therefore, the Court shall GRANT Plaintiffs' Motion for Entry of Amended Default Judgment to the extent that they seek interest and liquidated damages, but the Court shall ORDER that Plaintiffs must file a new proposed amended judgment setting forth re-calculated amounts of liquidated damages and interest in accordance with this Opinion and Order.

v.     **Reasonableness of Plaintiffs' Attorneys' Fees**

16

Plaintiffs also seek to recover from Defendant the amount of reasonable attorneys' fees and costs accrued in the prosecution of this action. In support, Plaintiffs filed the affidavit of Hope L. Calati, one of Plaintiffs' counsel in this case. Ms. Calati testified as to the number of hours billed and the cost of each hour billed. (*See* Calati Aff, Doc. #80.). Plaintiffs claim their attorneys' fees and costs, for the period of June 1, 2012 through January 31, 2014, total $8,942.13. (Pl.'s Motion at 2.

In support of their claim for attorneys' fees, Plaintiffs rely on section 1132(g)(2)(D) of ERISA, which provides that

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which judgment in favor of the plan is awarded, the court **shall** award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g)(2)(D) (emphasis added).

"Section 1145 of this title," which is referred to in the above-mentioned code section, sets forth an employer's statutory obligation to make contributions to a multiemployer plan when the plan or a collective bargaining agreement so requires. 29 U.S.C. § 1145. Here, Plaintiffs are fiduciaries of the underlying trust funds and they sued to enforce Defendant's obligations under section 1145. *See* Pl.'s Compl. at ¶ 3. Thus, section 1132(g)(2)(D) governs whether Plaintiffs are entitled to an award for attorneys' fees.

Courts in this circuit have long recognized that section 1132(g)(2)(D) requires that a court *must* award reasonable attorneys' fees and costs to a prevailing plan fiduciary when they are requested to do so. *Trustees of the Painters Union Deposit Fund v. Interior/Exterior Specialist, Co.*, 2011 WL 204750 at *4 (E.D. Mich. 2011), *citing Bldg. Serv. Local 47* v. *Grandview Raceway*, 46

17

F.3d 1392, 1404 (6th Cir. 1995); *see also Operating Engineers Local 324 Health Care Plan v. Dalessandro Contracting Group, LLC,* 2012 WL 4513716 at *3 (E.D. Mich. 2012).

In this circuit, the "lodestar" amount is used to determine what constitutes "reasonable attorneys' fees." *Painters Union Deposit Fund*, 2011 WL 204750 at *4, *citing Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The lodestar amount "is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id.* The party who requests fees must submit adequate supporting documentation of hours worked and the hourly rate of the attorneys who worked the case. *Id.* Once the party seeking fees has established that the number of hours and rate claimed are reasonable, the lodestar amount is presumed to be the reasonable fee. *Id.* at *5.

Defendant argues that Plaintiffs' claimed amount of attorneys' fees should be reduced because Plaintiffs' claim relates to unpaid contributions for fabrication work, which Defendant does not owe. The Court finds that Defendant does owe such contributions and therefore this argument is without merit.

Defendant also argues, without any citation to authority, that the fees sought are excessive because Plaintiffs employed two law firms and multiple attorneys. The Court finds this argument without merit as well, given that Plaintiffs have been in pursuit of Defendant's unpaid contributions in this matter for over three years. Further, Defendant provides no explanation as to why Plaintiffs' choice to seek the services of more than one attorney is unreasonable.

Defendant claims that the attorneys' fees are excessive "in seeking an amended default judgment," but that argument ignores the likelihood that Plaintiffs' counsel expended a great deal of work and preparation in this matter. The Court therefore rejects Defendant's contention that

18

Plaintiffs' requested amount of attorneys' fees and costs is unreasonable.

## CONCLUSION

For the reasons set forth above, the Court shall DENY Defendant's Motion to Set Aside

Default and Amended Default Judgment (Doc. #82).  Further, the Court shall GRANT IN PART

AND DENY IN PART Plaintiffs' Motion for Entry of Amended Judgment (Doc. #78):

1)  The Court shall DENY Plaintiffs' motion to the extent that they seek unpaid contributions to non-party funds;

2)  The Court shall GRANT Plaintiffs' motion in all other respects; and

3)  The Court ORDERS Plaintiffs to file a new proposed amended judgment, **within fourteen (14) days of the issuance of this Opinion and Order**, that sets forth recalculated amounts of unpaid contributions, liquidated damages and interest consistent with this Opinion and Order.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  October 16, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 16, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

19